Vincent C. Rampton, USB 2684
Chuck F. Rasmussen Goodwin, USB 19055
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
VRampton@parsonsbehle.com

*Attorneys for Plaintiff*
*ELIZABETH ONDINA WRIGHT*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISON

| | |
|---|---|
| ELIZABETH ONDINA WRIGHT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF UTAH, a political subdivision of the State of Utah, and SCOTT HITESMAN, CHARLES CAVANAGH, SERGEANT LARAMIE LANCASTER and ASHLEY RENZI, individuals,<br><br>Defendants. | **AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00827<br><br>Judge David Barlow |

Plaintiff Elizabeth Ondina Wright, amending of right pursuant to Rule 15, Fed. R. Civ. P., complains of Defendants University of Utah, Scott Hitesman, Charles Cavanagh, Seargeant Laramie Lancaster and Ashley Renzi, and for cause of action alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Elizabeth Ondina Wright is an individual who, at all times relevant, has been a citizen of the United States of America and resident of the State of Utah.

2. The University of Utah ("University") is a political subdivision of the State of Utah and defines itself as "a state institution of higher education, a body politic and corporate of the State of Utah." The University receives federal financial assistance.

3. Defendant Sergeant Lar4amie Lancaster is an individual who, at all times relevant, was a resident of the State of Utah. Defendant Laramie was, and remains, an employee and authorized representative of the University.

4. Defendants Scott Hitesman, Charles Cavanagh, and Ashley Renzi ("Individual Defendants") are individuals who, at all times relevant, were residents of the State of Utah, and were authorized independent contractors working on behalf of and representing the University.

5. This is an action for violation of Plaintiff's rights under 42 U.S.C. §§ 1983 and 2000(d), with additional claims arising under state law.

6. Jurisdiction obtained pursuant to 28 U.S.C. 1331 and 1441, and 42 U.S.C. §§ 2000(d) and 1983, and venue is properly set in the United States District Court for the District of Utah, Central Division pursuant to 28 U.S.C. § 1391.

## FACTS

7. Plaintiff, while a citizen of the United States, is Peruvian by birth, and is Latina in appearance and accent.

4922-8667-4292

8. On January 18, 2025, Plaintiff attended a Utah-BYU basketball game at the University Special Events Center with her husband and children, having paid the standard admission prices.

9. During the game, Plaintiff's children (including pre-teen children) were seated in the row in front of herself and her husband.

10. As has been traditional at all Utah-BYU sporting events in living memory, Plaintiff's children were displaying two signs with frivolous but harmless messages aimed at the opposing team.

11. At a certain point during the game, and without any prior warning, two employees of the University of Utah guest services (both older men whose names are presently unknown to Plaintiff) approached Plaintiff's children, ripped the signs from their possession, yelled abuse at them, and departed.

12. The children (the youngest of them was 8 years old) were frightened and visibly upset by having been accosted in this manner.

13. Plaintiff and her husband therefore went to the top of the aisle by which they had been seated, spoke to an usher located there, and asked who they could talk to about the incident.

14. Plaintiff was directed to the Guest Services officer at door No. 18.

15. Neither Plaintiff nor her husband touched or made any contact with the usher.

16. At the indicated location, Plaintiff spoke to a Guest Services representative, who was sympathetic with her concerns over the incident and its impact on their children, and summoned another individual representing the University.

17. Plaintiff protested to the second individual that the actions of the university representatives had been unwarranted and upsetting and asked that the signs be returned. Plaintiff also asked for an apology.

18. Neither Plaintiff nor her husband made any physical contact with either Guest Services representative.

19. No representative of the University apologized for the incident, nor did any offer to return the signs that had been taken.

20. At the conclusion of this exchange, therefore, Plaintiff and her husband returned to their seats for the remainder of the game.

21. Near the end of the game, five or six police officers, led by Defendant Lancaster and in company with the Individual Defendants, descended on Plaintiff and her husband.

22. Defendant Lancaster beckoned to Plaintiff, directing her to leave her seat.

23. Plaintiff and her husband complied, walking back up the aisle; however, Plaintiff's husband was blocked by other police officers from accompanying Plaintiff.

24. Although Plaintiff and her husband had both spoken with university representatives earlier in the evening to protest the removal of their children's signs, Plaintiff alone was ordered to leave, while her husband, who is white, was permitted to remain in the arena.

25. Defendant Lancaster then notified Plaintiff that she, alone, was ordered to leave the premises immediately, on pain of being charged with trespass.

26. The accompanying police officers, together with Defendant Cavanagh, were smiling broadly at the incident.

4922-8667-4292

27. Plaintiff vocally protested being ejected from the event when her only conduct had been to protest the treatment of her children by University representatives; however, she was told that she must leave immediately on pain of being charged with trespass. Plaintiff was told that she had assaulted a University representative (whom she later learned was supposedly Defendant Hitesman) and that this was automatic grounds for mandatory ejectment from the event. Defendant Hitesman and the other defendants fabricated the claim that Plaintiff had attacked him as a means of justifying their conduct.

28. Plaintiff went back to the family seats, collected her children, and the family departed the event to the laughter of the attending police officers and guest services representative.

29. On June 8, 2025, Plaintiff delivered to the University a notice of claim in accordance with Utah Code Ann. § 63G-7-401, *et seq*.

## FIRST CLAIM FOR RELIEF

**(Violations of Title VI, 42 U.S.C. § 2000(d) – Against the University)**

30. Plaintiff incorporates by reference all allegations of paragraphs 1 through 29 of this Complaint.

31. Plaintiff is Peruvian by birth but presents as Latina and is a member of a protected class.

32. Plaintiff and her husband both spoke to University officials earlier in the evening to protest the removal of their children's signs. Near the end of the game, Plaintiff was ordered to leave while her husband, who is white and had engaged in the same conduct, was permitted to remain.

33. Plaintiff's ejectment from the Utah-BYU sporting event on January 18, 2025, was plainly motivated by racial animus, the professed reason for her ejectment having been patently false and pretextual.

34. The University of Utah receives federal financial assistance and is subject to Title VI.

35. By subjecting Plaintiff to intentional race and ethnicity-based discrimination the University violated Title VI.

36. As a result of the University's intentional discrimination, Plaintiff has suffered emotional distress and humiliation. Plaintiff is therefore entitled to an award of damages in an amount to be determined at trial, which shall in no event be less than $50,000.00.

37. Plaintiff is further entitled to permanent injunctive relief, enjoining the University, and its agents, representatives and employees, from further acts of intentional acts of discrimination against her on the basis of race.

Wherefore, Plaintiff demands relief as hereinafter more fully set forth in her prayer for relief.

## SECOND CLAIM FOR RELIEF

**(Violation of Equal Protection, 42 U.S.C. § 1983 – Against Defendant Lancaster)**

38. Plaintiff incorporates by reference all allegations of paragraphs 1 through 37 of this Complaint.

39. Plaintiff is Peruvian by birth, Latina in appearance and accent, and female.

40. Plaintiff and her husband both spoke to University officials earlier in the evening about the removal of their children's signs.

41. Near the end of the game, the Defendant Lancaster approached Plaintiff and her husband. Although both had engaged in the same conduct, Plaintiff alone was ordered to leave, while her husband, who is white and male, was permitted to remain.

42. Defendant Lancaster acted with the intent to discriminate against Plaintiff because of her race, ethnicity, and/or sex.

43. By treating Plaintiff differently than her husband and removing her from the arena because of her race, ethnicity, and/or sex, Defendant Lancaster deprived her of the equal protection of the laws guaranteed by the Fourteenth Amendment.

44. At all relevant times, Defendant Lancaster was acting under the color of law.

45. Defendant Lancaster's intentional discrimination against Plaintiff based on her race, ethnicity and/or sex directly and proximately caused Plaintiff to suffer humiliation, emotional distress, loss of enjoyment of the event, and other damages.

46. Plaintiff is entitled to compensatory damages in an amount to be determined at trial, and is further entitled, pursuant to 42 U.S.C. § 1988, to an award of all costs and reasonable attorneys' fees incurred in the bringing of this action.

47. Plaintiff is further entitled to permanent injunctive relief, enjoining Defendant Lancaster from further acts of intentional acts of discrimination against her on the basis of race.

## THIRD CLAIM FOR RELEIF

**(Breach of Contract – Against the University)**

48. Plaintiff incorporates by reference all allegations of paragraphs 1 through 47 of this Complaint.

4922-8667-4292

49. The University's sale of, and Plaintiff's acquisition of, admission tickets to the Utah-BYU basketball game on January 18, 2025, constituted a binding and enforceable contract, under which she was entitled to attend the game until its completion.

50. By forcibly ejecting Plaintiff from the game prior to its conclusion, the University committed a substantial material breach of that contract.

51. By reason of that breach, Plaintiff is entitled to an award of damages in an amount to be determined at trial.

Wherefore, Plaintiff demands relief as set hereinafter more fully set forth in her prayer for relief.

## FOURTH CLAIM FOR RELIEF

**(Violation of Utah Civil Rights Act, Utah Code Ann. § 13-7-1 et seq. – Defendants Hitesman, Cavanagh, and Renzi)**

52. Plaintiff incorporates by reference all allegations of paragraphs 1 through 51 of this Complaint.

53. Utah's Civil Rights Act provides that all persons within the jurisdiction of this state are free and equal and are entitled to full and equal accommodations, advantages, facilities, privileges, goods, and services in all business establishments, in all places of public accommodation, and by all enterprises regulated by the state, without discrimination on the basis of race, color, sex, pregnancy, religion, ancestry, or national origin.

54. The University's basketball arena is a place of public accommodation within the meaning of the Act, as it is a facility that offers services, facilities, or goods to the general public for a fee or charge.

55. Plaintiff was ejected from the game based in whole or in substantial part on her race, color, and/or sex.

56. In so acting, Defendants denied Plaintiff her rights to full and equal accommodations, advantages, facilities, privileges, goods, and services in a place of public accommodation, in violation of the Utah Civil Rights Act.

57. As a direct and proximate result of Defendants' violations, Plaintiff suffered humiliation, emotional distress, loss of enjoyment of the event, and other damages in an amount to be determined at trial, but in no event less than $50,000.

Wherefore, Plaintiff demands relief as hereinafter more fully set forth in our prayer for relief.

## FIFTH CLAIM FOR RELIEF

**(Intentional Infliction of Severe Emotional Distress – Defendants Hitesman, Cavanagh, and Renzi)**

58. Plaintiff incorporates by reference all allegations in paragraphs 1 through 57 of this Complaint.

59. The University's actions against Plaintiff on January 18, 2025, as detailed above, were intended to cause, and did in fact cause, severe emotional distress to Plaintiff by reason of her having been singled out and falsely accused of assault due to her ethnicity.

60. Since the incident, Plaintiff has been afraid of appearing in public or at any organized gathering, given the current climate toward immigrants (illegal or otherwise) in the state of Utah and elsewhere.

61. Plaintiff is therefore entitled to an award of damages in an amount to be determined at trial, which shall in no event be less than $50,000.

Wherefore, Plaintiff demands relief as hereinafter more fully set forth in our prayer for relief.

## SEVENTH CLAIM FOR RELIEF

### (False Arrest – Defendants Hitesman, Cavanagh, and Renzi)

62. Plaintiff incorporates by reference all allegations of paragraphs 1 through 61 of this Complaint.

63. Plaintiff's forcible ejectment from the January 18, 2025 sports event, as described above, constituted a tortious and unlawful false arrest in that:

    a.    The university and its representatives lacked probable cause to force plaintiff from the event;

    b.    The ejectment was in violation of plaintiff's equal protection rights under the Fourteenth Amendment of the United States Constitution; and

    c.    The ejection was known by the university's representatives to be false and protectoral.

64. Plaintiff is therefore entitled to an award of damages in an amount to be determined at trial, which shall in no event be less than $50,000.

Wherefore, Plaintiff demands relief as hereinafter more fully set forth in her prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elizabeth Ondina Wright requests relief against Defendants University of Utah, Scott Hitesman, Charles Cavanagh, Sergeant Laramie Lancaster, and Ashley Renzi as follows:

4922-8667-4292

1. That, pursuant to the First Claim for Relief, the Court enter judgment in favor of Plaintiff and against the University, by reason of the University's violation of Title VI, 42 U.S.C. § 2000(d), in an amount to be determined at trial which shall in no event be less than $50,000.

2. In addition, and not in the alternative, that, also pursuant to the First Claim for relief, the Court enter an order of permanent injunctive relief, enjoining the University, and its agents, representatives and employees, from further acts of intentional acts of discrimination against her on the basis of race.

3. In addition, and not in the alternative, that, pursuant to the Second Claim for Relief, the Court enter judgment in favor of Plaintiff and against the Individual Defendants, by reason of their violation of 42 U.S.C. § 1983, in an amount to be determined at trial which shall in no event be less than $50,000.

4. In addition, and not in the alternative, that, also pursuant to the Second Claim for relief, the Court enter an order of permanent injunctive relief, enjoining the Individual Defendants, jointly and severally, from further acts of intentional acts of discrimination against her on the basis of race.

5. In addition, and not in the alternative, that, pursuant to the Third Claim for Relief, the Court enter judgment in favor of Plaintiff and against the University by use of the University's breach of contract with Plaintiff in an amount to be determined at trial.

6. In addition, and not in the alternative, that, pursuant to the Fourth Claim for Relief, the Court enter judgment in favor of Plaintiff and against the Defendants in an amount to be determined at trial, which shall in no event be less than $50,000.

4922-8667-4292

7. In addition, and not in the alternative, that, pursuant to the Fifth Claim for Relief, the Court enter judgment in favor of Plaintiff and against the Defendants in an amount to be determined at trial, which shall in no event be less than $50,000.

8. In addition, and not in the alternative, that, pursuant to the Sixth Claim for Relief, the Court enter judgment in favor of Plaintiff and against the Defendants in an amount to be determined at trial, which shall in no event be less than $50,000.

9. In addition, and not in the alternative, that, pursuant to the Seventh Claim for Relief, the Court enter judgment in favor of Plaintiff and against the Defendants in an amount to be determined at trial, which shall in no event be less than $50,000.

10. For punitive damages to the extent permitted by law.

11. For Plaintiff's costs and attorney's fees incurred herein pursuant to 42 U.S.C. § 1988.

12. For such other and further relief as the Court shall deem just and equitable.

Plaintiff demands trial by jury of all issues triable of right by jury herein.

DATED October 22, 2025.

PARSONS BEHLE & LATIMER

*/s/ Vincent Rampton*
Vincent Rampton
Chuck F. Rasmussen Goodwin

*Attorneys for Plaintiff*
*ELIZABETH ONDINA WRIGHT*

Plaintiff's Address:

1924 East 2100 South
Salt Lake City, Utah 84106

4922-8667-4292