UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH ONDINA WRIGHT, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, a political subdivision of the State of Utah, and SCOTT HITESMAN, CHARLES CAVANAGH, SERGEANT LARAMIE LANCASTER, and ASHLEY RENZI, individuals,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [ECF NO. 32] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00827-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendants University of Utah and Sergeant Laramie Lancaster's Motion to Dismiss,[1] Plaintiff Elizabeth Wright's response brief,[2] and Defendants' reply.[3] Plaintiff asserts that her constitutional, statutory, and contractual rights were violated when she was ejected from spectating a basketball game at the University of Utah.[4] Defendants seek to dismiss for failure to state a claim. Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[5]

---

[1] Mot. to Dismiss ("MTD"), ECF No. 32, filed January 20, 2026.
[2] Mem. of Law in Opp'n to Mot. to Dismiss ("Opp."), ECF No. 38, filed February 25, 2026.
[3] Reply in Supp. of Defs.' Mot. to Dismiss ("Reply"), ECF No. 40, filed March 10, 2026.
[4] Am. Compl. ¶¶ 8, 24, ECF No. 5, filed October 22, 2025.
[5] *See* DUCivR 7-1(g).

## BACKGROUND[6]

On January 18, 2025, Plaintiff, her husband, and her two children attended a Utah-BYU basketball game at the University of Utah.[7] Plaintiff is a U.S. Citizen who is Peruvian by birth and is "Latina in appearance and accent."[8] Plaintiff's husband is a white male.[9]

During the game, Plaintiff's children displayed two signs the Amended Complaint describes as containing "frivolous but harmless messages aimed at the opposing team."[10] At some point, two guest services employees allegedly "approached Plaintiff's children, ripped the signs from their possession, yelled abuse at them, and departed."[11] Plaintiff's children were frightened and upset by the conduct.[12]

Plaintiff and her husband spoke to the usher at the top of the aisle about the incident, and were directed to a guest services office.[13] There, Plaintiff spoke to two representatives.[14] Plaintiff protested that the sign seizing had been unwarranted and asked that the signs be returned along with an apology.[15] The representatives did not return the signs, nor apologize.[16] After the exchange, Plaintiff and her husband returned to their seats.[17]

---

[6] Because the court is deciding a motion to dismiss, the following factual allegations taken from the Amended Complaint are treated as true.
[7] Am. Compl. ¶ 8.
[8] *Id.* ¶ 7.
[9] *Id.* ¶ 24.
[10] *Id.* ¶ 10.
[11] *Id.* ¶ 11.
[12] *Id.* ¶ 12.
[13] *Id.* ¶¶ 13–14.
[14] *Id.* ¶¶ 16–17.
[15] *Id.* ¶ 17.
[16] *Id.* ¶ 19.
[17] *Id.* ¶ 20.

Near the end of the game, five or six police officers, led by Sergeant Lancaster, approached Plaintiff and her husband.[18] They directed Plaintiff and her husband to leave their seats and walk up the aisle.[19] As they did so, Plaintiff's husband was blocked off from accompanying Plaintiff by the other police officers.[20]

Sergeant Lancaster then ordered Plaintiff, alone, to leave the premises or be charged with trespass.[21] Plaintiff protested, but Sergeant Lancaster again told her that she must leave immediately.[22] Plaintiff was told that she assaulted a university representative and this was automatic grounds for mandatory ejectment.[23] Plaintiff alleges that the assault was a fabricated claim to justify her ejection, and that neither Plaintiff nor her husband touched any university representatives during their interactions.[24]

Plaintiff and her husband went back to their seats, collected their children, and departed.[25] This lawsuit followed.

**STANDARD**

"[F]or the purposes of resolving a Rule 12(b)(6) motion, [the court accepts] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff."[26] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

---

[18] *Id.* ¶ 21.
[19] *Id.* ¶¶ 22–23.
[20] *Id.* ¶ 23.
[21] *Id.* ¶ 25.
[22] *Id.* ¶ 27.
[23] *Id.*
[24] *Id.* ¶ 27.
[25] *Id.* ¶¶ 15, 18, 28.
[26] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (*citing Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).

complaint alone is legally sufficient to state a claim for which relief may be granted."[27] Thus, to survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28] "A claim 'has facial plausibility' if the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[29] But "[t]he court does not accept as true legal conclusions that are couched as factual allegations,"[30] as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31]

## DISCUSSION

### I.    Evidence Outside the Pleadings

As a threshold matter, Plaintiff objects to Defendants' use of exhibits attached to their motion to dismiss. Plaintiff argues that these exhibits are evidence outside of the pleading inadmissible at this stage. Specifically, Plaintiff objects to Defendants' use of body camera footage and two webpage printouts titled "Stadium Guest Information" that have a "Signs Banners & Flags" section and a "Fan Behavior Guidelines" section.[32] Defendants did not reply to these objections.

Under Tenth Circuit precedent, the court can consider "documents incorporated by reference into the complaint" even if they are not attached to the complaint.[33] Courts can consider these "if the documents are central to the plaintiff's claim and the parties do not dispute

---

[27] *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[29] *VDARE Found. v. Colorado Springs*, 11 F.4th 1151, 1158–59 (10th Cir. 2021) (citing *Iqbal*, 556 U.S. at 678).

[30] *Murphey v. Mid-Century Ins. Co.*, No. 13-2598, 2014 WL 2619073, at *7 (D. Kan. June 12, 2014) (citing *Ashcroft*, 556 U.S. at 678).

[31] *Ashcroft*, 556 U.S. at 678.

[32] *See* MTD Ex. 1, 2, 3.

[33] *Slater v. A.G. Edwards & Sons*, 719 F.3d 1190, 1196 (10th Cir. 2013).

4

the documents' authenticity."[34] This includes video and audio recordings.[35] But here, the

complaint never incorporates or mentions the exhibits at all. Indeed, Defendants use the exhibits

to undermine Plaintiff's factual allegations in the complaint and present alternative reasons why

Plaintiff was ejected from the game. Generally, whether Plaintiff has alleged facts that are

undermined or contradicted by the evidence is not a matter for the motion to dismiss stage,

where the court accepts "as true all well-pleaded factual allegations."[36] Thus, the court will not

consider this external evidence.

## II.    Title VI

Plaintiff alleges a Title VI violation only against the University of Utah (the

"University").[37] Title VI prohibits discrimination based on "race, color, or national

origin…under any program or activity receiving Federal financial assistance."[38] "The two

elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or

national origin discrimination and (2) the entity engaging in discrimination is receiving federal

---

[34] *Waller v. Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[35] *See*, *e.g., Montoya v. Vigil*, 898 F.3d 1056, 1060 n.2 (10th Cir. 2018) (considering an interrogation video attached to the complaint in connection with a motion to dismiss); *Wright v. City of Ponca City*, No. 22-6137, 2023 WL 5765848, at *1 n.2 (10th Cir. Sept. 7, 2023) (considering a police bodycam video); *Est. of Harmon v. Salt Lake City*, No. 20-4085, 2021 WL 5232248, at *2 (10th Cir. Nov. 10, 2021) ("[W]e may consider the body-cam videos and still frame excerpts because they were referred to in the complaint and neither party disputes their authenticity."); *Hoskins v. Withers*, No. 2:20-cv-749, 2022 WL 3576276, at *3 (D. Utah Aug. 18, 2022) (a court "may consider documents referred to in the complaint . . . . This can include videos."); *Hardman v. Roosevelt City*, No. 2:18-cv-00785, 2019 WL 2578586, at *3 n.4 (D. Utah June 24, 2019) ("In evaluating a motion to dismiss, the Court is entitled to consider the recording, since the interrogation is referenced in [the plaintiff's] proposed amended complaint and is central to his claims").

[36] *Smith*, 561 F.3d at 1098 (citing *Moore*, 438 F.3d at 1039).

[37] Am. Compl. ¶¶ 30–37.

[38] 42 U.S.C. § 2000d.

financial assistance."[39] The discrimination must be "intentional."[40] The parties do not dispute

that the University is receiving federal financial assistance. Thus, the only remaining issue is

whether the Amended Complaint plausibly alleges that the University intentionally discriminated

against Plaintiff.

To determine intentional discrimination under Title VI, the court borrows the Title VII

burden-shifting process from *McDonnell Douglas Corp. v. Green*.[41] As explained by the

Supreme Court:

> First, the plaintiff has the burden of proving by the preponderance of the evidence
> a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the
> prima facie case, the burden shifts to the defendant to articulate some legitimate,
> nondiscriminatory reason for [the adverse treatment]. Third, should the defendant
> carry this burden, the plaintiff must then have an opportunity to prove by a
> preponderance of the evidence that the legitimate reasons offered by the defendant
> were not its true reasons, but were a pretext for discrimination. . . . The ultimate
> burden of persuading the trier of fact that the defendant intentionally discriminated
> against the plaintiff remains at all times with the plaintiff.[42]

However, at the motion to dismiss stage, the plaintiff need only state a *plausible* claim.[43] Thus,

"the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the]

complaint," though "the elements of each cause of action help to determine whether [plaintiff]

---

[39] *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993).

[40] *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *see also Al Ghareeb v. Bd. of Trs. at Univ. of N. Colorado*, 849 F. App'x 746, 748 (10th Cir. 2021).

[41] *Bryant v. Indep. Sch. Dist. No. I–38 of Garvin Cty., OK*, 334 F.3d 928, 929–30 (10th Cir. 2003); *Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 635 (10th Cir. 2008) ("When the plaintiff bringing a claim under § 1981 and Title VI offers no direct evidence of discrimination, we apply the burden-shifting scheme of *McDonnell Douglas Corp. v. Green* . . . .").

[42] *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53 (1981) (internal quotations and citations omitted).

[43] *Iqbal*, 556 U.S. at 678.

6

has set forth a plausible claim."[44] This also means that "at the motion to dismiss stage, the plaintiff need not rebut a defendant's proffered rationale for termination."[45]

To state a prima facie case of discrimination under Title VI, the plaintiff must show: "(1) that he or she is a member of a protected class; (2) that he or she was disciplined; and (3) that similarly situated comparators were treated differently for the same or similar conduct."[46] The University challenged each aspect of the prima facie case.

### A.    Protected Class

In its motion to dismiss, the University initially argued that Plaintiff was not a member of a protected class. However, in reply, the University concedes this issue.[47] Thus, the court finds that the first factor is met.

### B.    Adverse Action

Next, Plaintiff must show that she suffered an adverse action.[48] The University argues that, under *Burlington N. & Santa Fe Ry. Co. v. White*, the action must be materially adverse and cause "significant" harm.[49] But the Supreme Court in *Muldrow v. St. Louis* cabined *Burlington* to

---

[44] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *Twombly,* 550 U.S. at 570).

[45] *Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-cv-00964, 2022 WL 889097, at *3 (D. Colo. Mar. 25, 2022) (citing *Adenowo v. Denver Pub. Sch.*, No. 14-cv-02723, 2015 WL 4511924, at *3 (D. Colo. June 17, 2015), *report and recommendation adopted*, No. 14-cv-02723, 2015 WL 4504931 (D. Colo. July 24, 2015) (observing that at the motion to dismiss stage "a plaintiff is not required to meet the burden-shifting framework, where the initial burden is on a plaintiff to establish a prima facie case of discrimination")).

[46] *Buhendwa v. Univ. of Colorado at Boulder*, 214 F. App'x 823, 828 (10th Cir. 2007) (unpublished) (citing *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1277 (10th Cir. 2005)).

[47] Reply 5 ("Plaintiff fails to allege a prima facie case for Title VI against the University because, *although she is a member of a protected class*, she cannot sufficiently plead that she suffered an adverse action, nor can she plead that there was an inference of intentional discrimination.").

[48] In Title VI contexts where the plaintiff is a student or employee, this is often referred to as being "disciplined." *See Buhendwa*, 214 F. App'x at 828. But here, where the plaintiff is not a student or employee, the adverse action language is more applicable. *See Silva v. St. Anne Cath. Sch.,* 595 F. Supp. 2d 1171, 1182–83 (D. Kan. 2009).

[49] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

only apply to the retaliation context.[50] This is not a retaliation case. Plaintiff did not report discrimination and then was punished for the report. Instead, assuming without deciding that the same standard as Title VII applies, Plaintiff must meet the standard from *Muldrow*: "some harm."[51] "This means an . . . action 'must have left [the plaintiff] worse off, but need not have left her significantly so.'"[52]

This low standard is met. Plaintiff was left worse off by the actions here. She was escorted from the game for which she paid for admission by police officers under threat of arrest for trespassing. Thus, the second factor is met for motion to dismiss purposes.

### C.    Similarly Situated Comparators

Plaintiff argues that she was treated less favorable than other similarly situated individuals because she was ejected from the game while her husband, a white male, was not despite engaging in the same conduct. Defendants respond that the complaint does not show that Plaintiff's husband took the same actions as Plaintiff.

While the complaint sometimes states that only Plaintiff took an action, and other times states that Plaintiff and her husband took an action, the context clearly implies that Plaintiff and her husband were acting together. The complaint alleges that Plaintiff *and her husband* went to speak to an usher and were directed to guest services.[53] While the complaint only states that Plaintiff spoke to the university representatives,[54] it also states that "[n]either Plaintiff *nor her*

---

[50] *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 348 (2024).
[51] *Id.* at 355.
[52] *Scheer v. Sisters of Charity of Leavenworth Health Sys., Inc.*, 144 F.4th 1212, 1216 (10th Cir. 2025) (quoting *Muldrow*, 601 U.S. at 359.).
[53] Am. Compl. ¶ 13.
[54] *Id.* ¶¶ 16–17.

*husband* made any physical contact with either Guest Services representative"[55] and that "[a]t the conclusion of this exchange, therefore, Plaintiff *and her husband* returned to their seats for the remainder of the game." And later, the complaint clarifies that "Plaintiff *and her husband* had both spoken with university representatives earlier in the evening to protest the removal of their children's signs."[56] As pled, the only clear distinction between their actions is the accusation that Plaintiff assaulted a University representative, but the complaint specifically alleges that this accusation was false.[57] Thus, taking all the facts alleged in the Amended Complaint as true and making reasonable inferences in the Plaintiff's favor, Plaintiff states a plausible claim that she was treated differently than a similarly situated individual, namely, her husband.

Plaintiff's Title VI claim survives dismissal.

## III.    Equal Protection Clause

Plaintiff also asserts a Fourteenth Amendment claim against Sergeant Lancaster for violation of the Equal Protection clause. Sergeant Lancaster seeks dismissal of this claim on two grounds: (1) Plaintiff cannot meet the requirements for a class-of-one theory; and (2) Sergeant Lancaster is entitled to qualified immunity. The court considers each in turn.

### A.    Class-of-One

Defendants argue that Plaintiff presents a "class-of-one" theory for which she cannot meet the required elements. Plaintiff responds that she is asserting a traditional Equal Protection claim, and thus the class-of-one requirements do not apply.

---

[55] *Id.* ¶ 18.
[56] *Id.* ¶ 24.
[57] *Id.* ¶ 27.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."[58] "Equal [P]rotection jurisprudence has traditionally been concerned with governmental action that disproportionally burdens certain classes of [persons]."[59] "Nonetheless, a plaintiff can still bring an Equal Protection claim even without alleging membership in a specific class by asserting they were 'intentionally treated differently from others similarly situated' without a rational basis under a 'class-of-one' theory."[60] "A typical "class-of-one" case arises when a public official singles out an individual without any legitimate reason, prompted instead by personal motive."[61]

But here, Plaintiff has clearly alleged that she was discriminated on based on race. Plaintiff has not alleged that Defendants knew and targeted her personally for no rational reason, but rather discriminated against her because of her race. This is not a class-of-one theory. Since Defendants' arguments are all based on a class-of-one claim that was not pled, they cannot succeed.

### B.    Qualified Immunity

Sergeant Lancaster also asserts a qualified immunity defense. Qualified immunity is a stringent hurdle that "'not only protects public employees from liability, [but] also protects them from the burdens of litigation' . . . ."[62] To overcome a qualified-immunity defense, "the onus is

---

[58] U.S. Const. amend. XIV, § 1.
[59] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215–16 (10th Cir. 2011).
[60] *Brown v. City of Tulsa*, 124 F.4th 1251, 1271 (10th Cir. 2025) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[61] *Id.* (citing *Kan. Penn Gaming, LLC*, 656 F.3d at 1216).
[62] *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (quoting *Allstate Sweeping, LLC v. Black,* 706 F.3d 1261, 1266 (10th Cir. 2013))

on the plaintiff to demonstrate '(1) that the official violated statutory or constitutional rights, and (2) that the right was "clearly established" at the time of the challenged conduct.'"[63] "The plaintiff must make this demonstration 'on the facts alleged.'"[64] If a plaintiff fails to establish either prong of the standard, the defendant prevails.[65]

Here, Plaintiff has failed to present any argument establishing that Sergeant Lancaster violated Plaintiff's rights. Instead, Plaintiff's response on this point states: "As set forth in Sections I & II, Plaintiff has plead [sic] facts stating a plausible claim that Lancaster violated Plaintiff's Title VI and Equal Protections rights."[66] But Sections I and II of Plaintiff's opposition brief do not do this. While the court has found a plausible Title VI claim, Sergeant Lancaster is not a Defendant in the Title VI claim. Thus, the Title VI claim cannot be the basis to overcome qualified immunity. And as to the Equal Protection claim, Plaintiff has not presented any argument that Sergeant Lancaster violated those rights. Instead, Plaintiff only rebutted Sergeant Lancaster's argument that she pled a class-of-one theory to this claim.[67] This does not establish that Sergeant Lancaster violated Plaintiff's equal protection clause rights. Even Plaintiff's Opposition on the clearly established prong only offers a single sentence about Sergeant Lancaster, arguing that his actions were unreasonable because they were based on a false allegation that "plaintiff assaulted university personnel."[68] The Amended Complaint avers that "Defendant Hitesman and the other defendants fabricated the claim."[69] The allegation that some

---

[63] *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

[64] *Id.* (quoting *Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009)).

[65] *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016).

[66] Opp. 19.

[67] *See supra*, III.A; Opp. 15–18.

[68] Opp'n 22.

[69] Am. Compl. ¶ 27.

11

other individual or group of individuals fabricated an assault claim does not show that Sergeant Lancaster violated Plaintiff's rights.

When a qualified immunity defense is raised, the burden is on the Plaintiff.[70] Here, Plaintiff has not presented the court with sufficient facts or arguments to meet that burden. Thus, Defendant Lancaster's qualified immunity defense applies. As he is the only Defendant in the Equal Protection claim, that cause of action will also be dismissed.

## IV.   Breach of Contract

Defendants also bring up Plaintiff's breach of contract claim, but merely request for the court "to allow Plaintiff and the University to resolve any contractual dispute prior to requiring the University to participate in any costly discovery."[71] This request is not appropriately raised in a motion to dismiss.

In addition, Defendants argued in their reply brief that the court should decline supplemental jurisdiction over Plaintiff's state law breach of contract claim if the Title VI and Equal Protection claims are dismissed. But Defendants impermissibly raise this argument for the first time in reply. And even if the court did consider it, the court has not dismissed Plaintiff's Title VI claim. Thus, this argument is unavailing.

## ORDER

Defendant's Motion to Dismiss[72] is GRANTED in PART and DENIED in PART. The Equal Protection claim and Defendant Laramie Lancaster are dismissed without prejudice. All

---

[70] *Quinn*, 780 F.3d at 1004.
[71] MTD 23.
[72] ECF No. 32.

other relief is denied. If Plaintiff wishes to file an amended complaint, she may do so within 30 days.

Signed May 11, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

13